The opinion of the court was delivered by
Miller, J.
The relators seek the writ of certiorari to obtain relief for an alleged illegal seizure of their property under the judgment against them rendered by the Third Oity Court^for the city of New Orleans,
The record of the lower court transmitted in accordance with the writ shows the suit, judgment and execution against relators and the seizure of their property to satisfy the judgment. It appears also that relators obtained an injunction from the lower court to restrain the sale under the execution, the petition for the injunction alleging the illegality of the advertisement. The injunction suit was tried and submitted, but before it was decided the relators obtained the certiorari, which has suspended all further proceedings in the lower court.
The argument for the relators in this court urges that under the judgment for a small amount, property of far greater value was seized, and pending the injunction suit the constable threatened and would have removed the property but for the application to this court. The argument supposes that this threatened action of the constable furnished the basis for the exercise of the supervisory jurisdiction of this court.
The writ of certiorari is intended to review the action of the lower court and afford relief against its proceedings “utterly void” when, as the Oode puts it, by way of illustration, the judgment has been pronounced without citation or hearing. If this court on the return of the certiorari sets aside the judgment of the lower court, the Oode naturally directs that the execution of the judgment shall be restrained. Code of Practice, Arts. 85, 857. In this case there is no complaint of the action of the lower court. The citation, hearing, trial and judgment, followed by the execution, are not assailed. Nor is it contended the lower court did not grant the injunction or relators’ application, pending for decision when that application was made here.
Under this condition of fact, there is, in our view, no room for the interposition of our writ. In the petition and order for the injunc *1382 tion we perceive it is only the sale of the property which is enjoined, naturally, because the complaint is only of the illegal advertisement. If, however, the injunction had liberated the property from seizure, we must presume the lower court, on suitable application, would have ordered the constable to desist from removing it. If the seizure was excessive, or if still' in force, and the relators objected to its removal pending the seizure, the Code points out the method of relief. Code of Practice, Arts. 653, 1141, 1145. But all relief of this character must be sought in the lower court; as the record stands it shows no such application. Until some right is denied the suitor in the lower court of the character indicated by the Code, there is no warrant for the writ of certiorari. In the Gooch case cited by the relator, 38 An. 969, the relief was sought against an execution on a judgment claimed to have been illegally rendered, and the alleged illegality, it was contended, was patent on the record. Yet this court denied relief on the ground the writ, confined as it is to the correction of void proceedings, could not be used to revise errors of judgment of the lower court in deciding questions within the jurisdiction of the court. With greater reason must the writ be refused in this case, when the redress of the alleged wrong of the relator is confided to the lower court, and the record shows no attempt to obtain relief at its hands.
The writ is therefore denied and our previous order is set aside.